**CATALANO LAW**
**RANDY P. CATALANO, ESQUIRE**
**ATTORNEY ID# 024491982**
**401 Kings Highway South, Suite 4A**
**Cherry Hill, NJ 08034**
**T: (856) 281-9860**
**F: (856) 281-9859**
**Email: rcatalano@catalanolaw.net**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TERRELL PIERCE,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BOROUGH OF PENNS GROVE, BOROUGH OF PENNS GROVE POLICE CHIEF JOHN T. STRANHAN, SR., TOWNSHP OF CARNEYS POINT, TOWNSHIP OF CARNEYS POINT POLICE CHIEF GERALD A. KRIVDA, JOSEPH RACITE, DALE VANAMEE, DONALD HAINES, MATTHEW PETRUTZ, CURTIS CATALANO, PAUL TRAVIS, JOSEPH SCHULTZ, PATRICK RILEY, JASON SPERA, JOHN DOES 1-25 (fictitious names), and JOHN DOES 26-50 (fictitious names),**<br><br>**Defendants.** | **CIVIL NO.**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT** |

Plaintiff, Terrell Pierce, by way of Complaint says:

**COUNT ONE**
(Jurisdiction and Venue)

1. Plaintiff, Terrell Pierce, brings this action against defendants to recover damages for deprivation and violation of his constitutional rights secured by the Fourth, Fifth,

Eighth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983 and also by the New Jersey Constitution.

2. Plaintiff seeks redress for defendants' violations of his Fourth Amendment rights to be free from excessive force, unlawful arrest, false imprisonment, and malicious prosecution; for their violations of his capital and Fourteenth Amendment rights to due process of law; for their violation of his rights provided 42 U.S.C. § 1983; for conspiring with each other to violate his rights under the Fourth and Fourteenth Amendments; and for their violations of constitutional rights, including but not limited to his rights to be free from excessive force, false arrest, false imprisonment, malicious prosecution, malicious abuse of process, intimidation, retaliation, emotional distress and negligent acts and for defendants' conspiracy to commit these violations.

3. This court has jurisdiction over this action under 28 U.S.C. § 1331 and 1343 (a) for violation of constitutional rights as provided in 42 U.S.C. § 1983. Plaintiff seeks monetary damages as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Plaintiff also invokes the supplemental jurisdiction of this court over his state law claims against defendants pursuant to 28 U.S.C. § 1367 because these claims form a part of the same case or controversy.

5. Venue is proper in the District Court pursuant to 28 U.S.C. § 1391 because the acts which form the basis of these claims occurred in the Borough of Penns Grove and Township of Carneys Point, County of Salem, State of New Jersey.

**COUNT TWO**
(Parties)

6. At all relevant times, Plaintiff, Terrell Pierce, is an individual who resided at 590 Lower Landing Road, Blackwood, New Jersey, 08012.

7. Defendant, Borough of Penns Grove, with its offices located at 1 State Street, Penns Grove, New Jersey, 08069, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which manages, controls and/or is responsible for the actions of the Borough of Penns Grove Police Department and/or its employees.

8. Defendant, Borough of Penns Grove, with its police department headquarters at 1 State Street, Penns Grove, New Jersey, 08069, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which employs the police officers who carry out the day-to-day police duties within the Borough of Penns Grove and is the entity which is responsible for providing police protection to the residents, inhabitants, visitors and all other individuals within the lawful boundaries of the Borough of Penns Grove and perform all activities and services commonly provided by a police department. At all times relevant hereto, Defendant, Borough of Penns Grove, was the employer of the police officers and/or other individuals involved in the subject incident which is more fully described hereinafter and was responsible for the supervision and conduct of said officers.

9. Defendant, John T. Stranahan, Sr., Chief of Police, is the head of the Borough of Penns Grove Police Department and was employed by the Borough of Penns Grove, at all times relevant hereto and was ultimately responsible for the maintenance and control of public safety with the Borough of Penns Grove as well as the management, assignment of duties and ultimate supervision of all other police officers on the force. At all times relevant hereto, the Chief of Police was the policy maker and held the ultimate decisional authority over the Penns Grove Police Department.

10. Defendant, Township of Carneys Point, with its offices located at 303 Harding Highway, Carneys Point, New Jersey, 08069, is a governmental entity, a local public

entity and/or an instrumentality for the State of New Jersey, which manages, controls and/or is responsible for the actions of the Township of Carneys Point Police Department and/or its employees.

11. Defendant, Township of Carneys Point, with its police department headquarters at 303 Harding Highway, Carneys Point, New Jersey, 08069, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which employs the police officers who carry out the day-to-day police duties within the Township of Carneys Point and is the entity which is responsible for providing police protection to the residents, inhabitants, visitors and all other individuals within the lawful boundaries of the Township of Carneys Point and perform all activities and services commonly provided by a police department. At all times relevant hereto, Defendant, Township of Carneys Point, was the employer of the police officers and/or other individuals involved in the subject incident which is more fully described hereinafter and was responsible for the supervision and conduct of said officers.

12. Defendant, Gerald A. Krivda, Chief of Police, is the head of the Township of Carneys Point Police Department and was employed by the Township of Carneys Point at all times relevant hereto and was ultimately responsible for the maintenance and control of public safety with the Township of Carneys Point as well as the management, assignment of duties and ultimate supervision of all other police officers on the force. At all times relevant hereto, the Chief of Police was the policy maker and held the ultimate decisional authority over the Carneys Point Police Department.

13. Defendants, Joseph Racite, Dale Vannamee, Donald Haines, Matthew Petrutz, Curtis Catalano, Paul Travis, Joseph Schultz, Patrick Riley, Jason Spera, John Doe Police Officers 1-25 (fictitious names), were police officers employed by the Borough of Penns Grove

and/or Township of Carneys Point and at all times relevant hereto were responsible for the maintenance and control of public safety for the Borough of Penns Grove and/or Township of Carneys Point.

14. Defendants, John Does 26-50, are fictitious designations for unknown or unidentified parties to this action who were employees of the Borough of Penns Grove and/or Township of Carneys Point who may have been responsible for the actions and/or inactions of the other defendants named herein.

15. At all times relevant hereto, the defendants, Chief of Police of Penns Grove Borough, John T. Stranahan, Sr., Chief of Police of Carneys Point Township, Gerald A. Kriva, Joseph Racite, Dale Vannamee, Donald Haines, Matthew Petrutz, Curtis Catalano, Paul Travis, Joseph Schultz, Patrick Riley, Jason Spera and/or John Doe Police Officers 1-25 (fictitious names) and/or John Does 26-50, were acting under color of State Law pursuant to their sworn authority as police officers or other employees of said entities.

16. In this action, the Plaintiff, Terrell Pierce, asserts that he was deprived of his constitutional rights, privileges and immunities secured by the Fourth and Fourteenth Amendments.

**COUNT THREE**
(Facts)

17. At all relevant times alleged herein, Plaintiff, Terrell Pierce, was a resident of the Borough of Blackwood, State of New Jersey.

18. The incident in question took place on June 15, 2018 at approximately 8:00 a.m. while in the custody of the Borough of Penns Grove Police Department and Township of Carneys Point Police Department, respectively.

19. On June 15, 2018, Plaintiff, Terrell Pierce, was assaulted by one or more of the individually named defendant police officers and/or John Doe Police Officers 1-25 (fictitious names).

20. As a direct and proximate result of the assault, plaintiff , Terrell Pierce, was caused to suffer various personal injuries, including but not limited to a nasal fracture as well as emotional distress.

21. The Defendants' actions also constituted a violation of Plaintiff's constitutional rights for which he is entitled to damages.

**COUNT FOUR**

(42 U.S.C. § 1983 Fourth Amendment Violations Against Individual Defendants)

22. Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

23. Plaintiff's detention and wrongful arrest by the defendants jointly, severally and/or in the alternative was carried out with malice and without legal jurisdiction, probable cause or a reason that probable cause existed.

24. The amount of force utilized in the arrest, detention and handcuffing of the plaintiff was clearly excessive under the circumstances and violated the plaintiff's federal and state constitutional rights to be free from unlawful arrest, seizure and/or excessive force.

25. As a direct and proximate result of the unnecessary and grossly excessive use of force by the defendant Officers, Plaintiff sustained serious injuries of a temporary and permanent nature, experienced severe pain and suffering and emotional distress, incurred or will incur medical expenses in an effort to cure his injuries, was unable to attend, and in the future may be unable to attend to his usual and customary affairs, and was otherwise injured and damaged.

WHEREFORE, plaintiff, Terrell Pierce, demands judgment against the individually names police officers, Police Officers Does 1-25 and/or John Does 26-50 (fictitious names).

**COUNT FIVE**

(New Jersey State Constitution Violations Against Individual Defendants)

26. Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

27. The aforesaid improper actions of the individual defendant Police Officers also violated Plaintiff's clearly established constitutional rights under the New Jersey State Constitution.

28. Plaintiff is entitled to seek redress for the previously referenced improper actions in a private civil action pursuant to the New Jersey Civil Rights Act.

29. As a direct and proximate result of the aforementioned violations of the Plaintiff's state law rights, he sustained the aforementioned injuries and damages.

30. Plaintiff is also entitled to attorney fees pursuant to N.J.S.A. 10:6-2, for the claims set forth herein.

WHEREFORE, plaintiff, Terrell Pierce, demands judgment against the individually named police officers, Police Officers John Does 1-25 and/or John Does 26-50 (fictitious names), for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

**COUNT SIX**

(Assault & Battery Against Individual Defendants)

31. Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

32. The actions of the individual defendant Police Officers jointly, severally and/or in the alternative constituted assault and battery under New Jersey state law.

33. As a direct and proximate result of the unlawful actions of the individual defendant Police Officers, jointly, severally and/or in the alternative, Plaintiff suffered the aforementioned injuries and damages.

WHEREFORE, plaintiff, Terrell Pierce, demands judgment against the individually names police officers, Police Officers John Does 1-25 and/or John Does 26-50 (fictitious names), for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

**COUNT SEVEN**
(Malicious Prosecution Against Individual Defendants)

34. Plaintiff repeats and asserts the contents of all preceding paragraphs as if set forth at length herein.

35. As a result of the incident of June 15, 2018, the individual Police Officers charged Plaintiff with violations of New Jersey State Law.

36. Said charges were baseless and false and ultimately dismissed.

37. The criminal charges were filed against Plaintiff in an attempt to cover up the wrongful acts committed against him.

38. As a direct and proximate result of the willful and malicious acts of the individual defendant Police Officers, Plaintiff has suffered damages.

WHEREFORE, plaintiff, Terrell Pierce, demands judgment against the individually names police officers, Police Officers John Does 1-25 and/or John Does 26-50 (fictitious names), jointly, severally and/or in the alternative for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

**COUNT EIGHT**
(Negligence Against Individual Defendants)

39. Plaintiff repeats and asserts the contents of all preceding paragraphs as if set forth at length herein.

40. To the extent that the acts of the individual defendant Police Officers did not constitute willful and/or intentional acts, then said acts constituted ordinary negligence under New Jersey state and common law.

41. The individual defendant Police Officer owed a duty to Plaintiff, Terrell Pierce, who is an ordinary citizen of the United States and resident of the State of New Jersey.

42. The actions of the individual defendant Police Officer breached the duty owed to the Plaintiff.

43. As a direct and proximate result of the aforesaid breach, Plaintiff suffered the aforesaid injuries and damages.

WHEREFORE, plaintiff, Terrell Pierce, demands judgment against the individually names police officers, Police Officers John Does 1-25 and/or John Does 26-50 (fictitious names), jointly, severally and/or in the alternative for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

**COUNT NINE**
(42 U.S.C. § 1983 – Municipal Liability)

44. Plaintiff repeats and asserts the contents of all preceding paragraphs as if set forth at length herein.

45. The individual defendant Police Officers, John Does 1-25 and John Does 26-50 (fictitious names), employees of Defendants, Borough of Penns Grove and/or Township of Carneys Point, by and through its police department.

46. At all relevant times alleged in the Complaint, the Defendant Police Chief John T. Stranahan, Sr., was the final decision maker for the Borough of Penns Grove Police Department and Police Chief Gerald A. Krivda, was the final decision make for the Township of Carneys Point. Defendants, Police Chief John T. Stranahan, Sr., and Police Chief Gerald A. Krivda , are being sued in their official as well as individual capacity.

47. The Defendants, Police Chief John T. Stranahan, Sr. and the Borough of Penns Grove Police Department, and Police Chief Gerald A. Krivda and the Township of Carneys Point had a policy, practice and/or custom of permitting its police officers to infringe upon the rights of citizens, including but not limited to Plaintiff, Terrell Pierce.

48. Defendant Police Chief John T. Stranahan, Sr. and the Borough of Penns Grove Police Department and Police Chief Gerald A. Krivda and the Township of Carneys Point, had a pattern, practice and/or custom of failing to investigate allegations of police violations, and permitted its police officers to engage in conduct that violated the rights of its citizens.

49. Defendants, Police Chief John T. Stranahan, Sr., was the final policymaker for the Borough of Penns Grove Police Department and Police Chief Gerald A. Krivda was the final policymaker for the Township of Carneys Point Police Department in the area of police policies and procedures.

50. Defendants, Police Chief John T. Stranahan, Sr. and Police Chief Gerald A. Krivda, had an ongoing policy, practice and/or custom of failing to investigate allegations of police misconduct, failing to discipline police officers, failing to properly follow the Attorney General Guidelines, failing to properly train police officers on the proper use of force, probable cause to arrest, and acquiescing in the matters of police misconduct.

51. As a direct and proximate result of the aforementioned policy, custom and/or practice, Plaintiff, Terrell Pierce's, civil rights were violated.

52. As a direct and proximate result of the aforementioned policy, custom and/or practice, Plaintiff, Terrell Pierce, suffered the aforesaid injuries and damages including violations of his civil and constitutional rights.

WHEREFORE, plaintiff, Terrell Pierce, demands judgment against Defendants, Police Chief John T. Stranahan, Sr. and the Borough of Penns Grove, and Police Chief Gerald A. Krivda and the Township of Carneys Point, for compensatory damages and punitive damages together with interest, attorney fees and costs.

______________________________
Randy P. Catalano, Esquire
Attorney for Plaintiff

Dated: February 11, 2020

**JURY DEMAND**

Plaintiffs hereby demands a jury trial as to all issues.

______________________________
Randy P. Catalano, Esquire
Attorney for Plaintiff

Dated: February 11, 2020

**DESIGNATION OF TRIAL COUNSEL**

Randy P. Catalano is hereby designated as trial counsel.

______________________________
Randy P. Catalano, Esquire
Attorney for Plaintiff

Dated: February 11, 2020